# IN RE PRATT.

### PATENTS; PATENTABILITY.

Claims in an application for a patent for an improvement in water-miscible oils as a vehicle for therapeutical agents, which show that the object sought was not a solution of a medicinal preparation in a mineral oil, but a vehicle or composition which would carry the medicinal agent to a moistened surface or mucous membrane to be treated, were *held* to be anticipated by a patent for a similar invention differing only from that of the applicant by reason of the fact that the patentee used medicaments insoluble in mineral oils while the applicant used medicaments soluble in such oils.

No. 997. Patent Appeals. Submitted January 18, 1916. Decided February 7; 1916.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent.    *Affirmed.*

The facts are stated in the opinion.

*Mr. James H. Griffin* for the appellant.

*Mr. William R. Ballard* and *Mr. M. E. Porter* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from a decision of the Commissioner of Patents rejecting appellant's application for patent for an improvement in water-miscible oils as a vehicle for therapeutical agents. The claims, ten in number, are illustrated by the following three:

"1. A vehicle for medicaments, consisting mainly of an emulsified nonoxidized mineral oil."

"3. A medicinal composition consisting mainly of an emulsified nonoxidized mineral oil, and a medicament dissolved therein."

"9. A medicinal composition consisting mainly of a nonoxidized mineral oil, water emulsified therewith, and a medicinal agent normally soluble in the mineral oil but insoluble in water."

The object of the invention is described in the specification as follows: "This invention relates to the employment of water-miscible compositions as a vehicle, base, or carrier for various medicaments; but especially to water-miscible compositions composed largely of mineral oil or petroleum for that purpose. Various vehicles or bases are quite extensively used as carriers or solvents for therapeutical agents, particularly in the treatment of ailments of the nose and throat and other mucous surfaces. It is recognized, however, that these carriers are not only not absorbed by the mucous surfaces, but that they hinder to a very considerable degree the absorption of the medicaments, and this is particularly true of mineral oils, or products thereof, because of their lack of capacity to emulsify with the acqueous, oily, or other secretions of the mucous surfaces. The water-miscible compositions which I employ possess the emollient properties of the oil, and yet retain the absorbent and assimilating properties of a water solution. These water-miscible compositions are of such consistency that they may be directly employed, without dilution in water, in a vaporizer, in which case an emulsion or solution is formed when said oil comes in

contact with the natural secretions of the mucous surfaces. On the other hand, they may be diluted to almost any degree with water and used in an ordinary atomizer or in a douche."

The object, briefly stated, is to produce a composition containing mineral oils which, when brought in contact with the mucous surfaces of the body, will readily assimilate with the secretions, thus obviating the natural tendency of the oils not only to resist assimilation, but to prevent absorption of the medicament sought to be applied in connection with the oils.

A number of patents are cited as dominating the claims of appellant, Benjamin G. Pratt. The references are so thoroughly analyzed in the decisions of the tribunals below that we do not deem it necessary to encumber this opinion by a repetition of that which may be found by reference to those opinions. While the process of appellant differs in slight particulars from the references cited, the end achieved is the same. A patent for the product, not the process, is here sought.

We think the patent to Klever, cited as a reference, practically anticipates all of the appealed claims. Appellant attempts to distinguish from the Klever patent by pointing out that Klever uses such preparations as by themselves are insoluble in mineral oils, while he employs medicinal preparations which are soluble in mineral oils; but it is only a difference in the process for reaching the same end. As said in the opinion of the Examiners in Chief: "This distinction appears to be without force and immaterial, since the object sought in both cases is not a solution of a medicinal preparation in a mineral oil, but a vehicle or composition which will carry the medicinal agent to the moistened surface or mucous membrane to be treated. So long as this result is obtained, the solubility or insolubility of the medicaments used in the mineral oil employed is immaterial.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required. *Affirmed.*

A petition for a rehearing was denied March 4, 1916.